IN UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMUEL WHITAKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REAL PROPERTY RESEARCH ) <br> GROUP, INC., ) <br> ) <br> Defendant. ) | **Civil Action No.** <br> _____ <br> **Jury Trial Demanded** |

# COMPLAINT

COMES NOW, Plaintiff Samuel Whitaker ("Mr. Whitaker" or "Plaintiff") and brings this *Complaint*, pursuant to The Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.* ("USERRA") against Real Property Research Group, Inc. ("RPRG" or "Defendant").

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over this matter, which arises under federal law. 28 U.S.C. § 1331.

2.

1

Venue is proper in this Court because the violations of Plaintiff's rights alleged herein were committed in this district and division.

## PARTIES

3.

Mr. Whitaker is a former employee of RPRG. Mr. Whitaker is a citizen of the United States of America who submits himself to the jurisdiction of this Court.

4.

RPRG is an employer that conducts business in the State of Georgia.

5.

RPRG may be served with the summons and complaint by personal service on its registered agent, Tad Scepaniak, whose office is located at 1905 Woodstock Road, Building 900, Suite 9100, Roswell, Georgia 30075. This Court has personal jurisdiction over Defendant.

## FACTUAL ALLEGATIONS

6.

Mr. Whitaker was hired as a full-time employee by Real Property Research Group, Inc. in May 2019 as a Research Associate/Analyst Trainee.

7.

On February 24, 2020, Mr. Whitaker informed his employer of his intention to enlist with the Air National Guard and to attend Officer Training School.

8.

At the end of February 2020, Mr. Whitaker made a verbal request to his supervisor, Managing Principal Tad Scepaniak ("Mr. Scepaniak"), to work remotely and from his parents' home in Brooklet, Georgia until his expected training commencement date with the Air National Guard due to his desire to prepare to transition to flight school.

9.

On or about March 1, 2020, Mr. Whitaker began working remotely in Brooklet, Georgia.  During this same month, many other employees requested to work remotely due to the COVID-19 pandemic and were granted permission for several months.  Eventually, all staff transitioned to remote positions.

10.

On or about March 3, 2020, Mr. Whitaker received an email from Mr. Scepaniak, instructing him to cancel his flight and hotel for an upcoming training conference.

11.

On or about March 24, 2020, Mr. Whitaker received a memo from Mr. Scepaniak demanding that, if Mr. Whitaker wished to continue his employment, he must sign a new contract that substantially reduced his base salary, provided for a shorter term of employment, and imposed additional restrictions.  The memo stated, in part:

> *Late last month, you notified me of your intention to resign your position at RPRG as you were pursuing a new career with the U.S. Military.  At that time, you requested that I allow you to work remotely from your parents' home for a few months as a transition.  I agreed to that arrangement only knowing that it would be temporary as I don't desire full time analysts, especially those with a short tenure, working on remote basis.  Approximately two weeks ago, you notified me that the end of your employment with RPRG was imminent and we agreed that you would finish current assignments by the end of March and your employment would be terminated.  Based on your intentions to move on from RPRG and your relocation, RPRG has been actively been interviewing for a full time analyst position to fill your vacancy.  This position is likely to be filled in the next several months.  Based on the change in your circumstances, we are able to offer continued employment in the short term; however your base draw will be reduced.  The reduction recognizes your remote location, limited types of studies we can assign you, and the fact that we are going to fill the position you have vacated.*
>
> *[. . .]*
>
> *We would expect this arrangement to last for the next one to three months.  Please acknowledge your acceptance of this agreement by signing below and returning an electronic copy to my attention.  The alternative is to become a contract employee without benefits and paid a percentage of billable fees as work is completed and delivered to clients."*

12.

Numerous statements in the March 24, 2020 memo were false. Contrary to the statements in the memo, Mr. Whitaker had not stated an intention to resign his position; rather, he had notified RPRG that he would need some time away from work to attend flight training.

13.

On or about March 30, 2021, Mr. Whitaker responded to the memo by email, stating that he did not agree to the proposed terms of the new agreement. He also wrote, in part:

> *Why are you forcing me to take a $12,000 decrease in pay, when the only difference between myself and the other employees is my upcoming military obligation.  Since the only difference between myself and the other employees is my upcoming military obligation since all employees are working remote at this time, I cannot sign an agreement to reduce my pay that also includes imminent termination in "one to three months".  To assist with this matter, I have contacted officials with the Department of Defense regarding USERRA protections.*

14.

Immediately upon receipt of Mr. Whitaker's email on March 30, 2021, Mr. Scepaniak terminated Mr. Whitaker's employment on March 31, 2021 by email, stating:

> *As a result of the below, your employment with RPRG has been terminated as detailed in the attached memo.  I have also attached your executed offer letter, which indicated that you would be an employee "at will" and either the Firm or you could terminate your employment at any time.  This is*

*certainly not the outcome I expected when I extended an offer of continued employment with benefits.*

15.

On March 30, 2021, during the hearing for unemployment benefits, Mr. Scepaniak testified that Mr. Whitaker's email, where he objected to Mr. Scepaniak's demands for a new contract on the basis that it violated USERRA, was the reason for termination.

## SUBSTANTIVE CLAIM

16.

By this reference, Plaintiff incorporates his factual allegations as if fully set forth herein.

17.

38 U.S.C. § 4301, *et seq.* prohibits discrimination and retaliation against employees who are obligated to serve in the uniformed services; have applied for membership in the uniformed services; or who are a past or present member of the uniformed services.

18.

Defendant violated 38 U.S.C. § 4301, *et seq.* by terminating Mr. Whitaker's employment because of, in whole or in part, his upcoming obligation to serve in the uniformed services.

19.

Defendants violated 38 U.S.C. § 4301, *et seq.* by terminating Mr. Whitaker's employment because of his objection to conduct that he reasonably believed to be in violation of USERRA.

20.

Defendants' violations of 38 U.S.C. § 4301, *et seq.* were willful, knowing, and malicious.

21.

Defendants are liable for all damages resulting from its violations of USERRA, including economic, compensatory, and punitive damages, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a) That a trial by jury be had on all issues for which a jury trial is permitted under law;

b) That damages be awarded against Defendants to compensate the Plaintiff for the injuries suffered as a consequence of Defendants' actions in an amount to be determined by the enlightened conscious of the jury;

c) That attorney's fees and expenses of litigation be awarded to Plaintiff;

d) That pre-judgment and post-judgment interest be awarded; and

e) That the Court award such other equitable or monetary relief as the Court deems just and proper.

Respectfully submitted, this 18th day of May, 2021.

/s/ James Radford
James Radford
Georgia Bar No. 108007
*Counsel for Plaintiff*
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0302
james@decaturlegal.com